IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOROTHY MACK o/b/o J.M., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:10-CV-627-MEF [WO] |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING RECOMMENDATION**

On October 19, 2011, the Magistrate Judge filed a Recommendation (Doc. # 20) to affirm the decision of the Commissioner of Social Security ("Commissioner") to deny Supplemental Security Income ("SSI") benefits for Plaintiff's son, J.M. (Recommendation 14.) Plaintiff has filed an Objection to the Recommendation, and the Commissioner has responded. (Docs. # 21, 22.) The court reviews *de novo* the portions of the Recommendation to which the Objection applies. 28 U.S.C. § 636(b)(1)(C). For the reasons that follow, the Objection is due to be **OVERRULED** and the Recommendation **ADOPTED**.

"Federal regulations set forth the process by which the [Social Security Administration] determines if a child is disabled and thereby eligible for disability benefits." *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1278 (11th Cir. 2004) (citing 42 U.S.C. § 1382c(a)(3)(C)(i) and 20 C.F.R. § 416.906). The first step of the process is for the Administrative Law Judge ("ALJ") to determine "whether the child is 'doing substantial

gainful activity,' in which case [the child] is considered 'not disabled' and [ ] ineligible for benefits." *Id.* (quoting 20 C.F.R. §§ 416.924(a), (b)); *see also* 42 U.S.C. § 1382c(a)(3)(C)(ii). If the child is not engaged in substantial gainful activity, the ALJ next "consider[s] the child's 'physical or mental impairment[s]' to determine if [the child] has 'an impairment or combination of impairments that is severe.'" *Id.* (quoting 20 C.F.R. §§ 416.924(a), (c)). The impairment determination is made primarily through medical evidence while the severity determination can be made through medical and non-medical evidence. *Shinn*, 391 F.3d at 1278.

For applicant children with severe impairments, "the ALJ next assesses whether the impairment 'causes marked and severe functional limitations' for the child." *Id.* (quoting 20 C.F.R. §§ 416.911(b) & 416.924(d)). "This determination is made according to objective criteria" set forth in the Listing of Impairments, which is included in 20 C.F.R. § 404, Subpart P, Appendix 1. "A child's impairment is recognized as causing 'marked and severe functional limitations if those limitations meet, medically equal, or functionally equal' an impairment described in the Listing of Impairments." *Muhammad ex rel. T.I.M. v. Comm'r of Soc. Sec.*, 395 F. App'x 593, 599 (11th Cir. 2010) (quoting *Shinn*, 391 F.3d at 1279). If a child actually suffers from the limitations specified in the Listing of Impairments, then the child "meets" the impairment. *Shinn*, 391 F.3d at 1278-79. A child's limitations "medically equal" the limitations found in the Listing of Impairments if the child's limitations "are at

least of equal medical significance to those of a listed impairment." *See id.* at 1279 (quoting 20 C.F.R. § 416.926(a)(2)).

Even "[i]f a child's impairment does not meet or medically equal a listed impairment, an ALJ may still find that the child is disabled if his impairment functionally equals a listed impairment." *Muhammad*, 395 F. App'x at 599 (citing *Shinn*, 391 F.3d at 1279). In determining whether a child's impairment functionally equals a listed impairment, an ALJ must consider the extent to which the impairment limits the child's ability to function in the following six domains of life: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi); *see also Shinn*, 391 F.3d at 1279. "A child's impairment functionality equals a listed impairment, and thus constitutes a disability, if the child's limitations are 'marked' in two of the six life domains, or if the child's limitations are 'extreme' in one of the six domains." *Muhammad*, 395 F. App'x at 600; 20 C.F.R. § 416.926a(d).

The ALJ's factual determinations are reviewed under the "substantial evidence" standard. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The ALJ's legal conclusions are reviewed *de novo*. *Davis*, 985 F.2d at 531. "[F]ailure to apply the correct law or to provide the

reviewing court with sufficient reasoning for [the reviewing court to determine] that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1144-45 (11th Cir. 1991) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

Plaintiff makes two objections to the Recommendation. First, Plaintiff argues that the case should be remanded to the Commissioner for further proceedings because the ALJ did not "provide any meaningful rationale" (Obj. 2) for its conclusion that J.M.'s severe impairments of sleep apnea and seizure disorder and non-severe impairment of headaches did not medically equal Listing 111.03, the listing for nonconvulsive epilepsy. Second, Plaintiff argues that the ALJ erred by failing to resolve a supposed ambiguity in the record created by the testimony of Dr. Durham.

As to the first objection, the Listing of Impairments describes nonconvulsive epilepsy as occurring "[i]n a child with an established seizure disorder, the occurrence of more than one minor motor seizure per week, with alteration of awareness or loss of consciousness, despite at least three months of prescribed treatment." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 111.03. In finding that J.M.'s impairments did not meet or medically equal Listing § 111.03, the ALJ stated: "'No treating or examining source has so concluded. In addition, I have examined the record, and I find that the evidence does not support such a conclusion.'" (Recommendation 7 (quoting R. 16, Finding No. 4 (Doc. # 14-2)).)

Although vexed somewhat by the ALJ's "cursory" analysis of medical equivalence

(Recommendation 9), the Magistrate Judge did note that the ALJ expressly concluded that J.M. did not have "an impairment *or combination of impairments* that meets *or medically equals* one of the listed impairments[.]" (Recommendation 9 (quoting R. 16, Finding No. 4).) This statement indicates that the ALJ considered J.M.'s severe and non-severe impairments in concert and compared them to the Listing for medical equivalency. *See Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002) (concluding that similar statement by ALJ "constitute[d] evidence that [the ALJ] considered the combined effects of [the child's] impairments"). Although the ALJ's finding is not a model of dialectic completeness, there was no legal error. *See Wilson*, 284 F.3d at 1224-25; *see also Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991).

Plaintiff's second objection argues that the ALJ erred by failing to resolve the "ambiguity" in the record supposedly created by Dr. Durham's testimony concerning whether J.M.'s impairments medically equal Listing § 111.03. Put briefly, in response to the ALJ's question of whether J.M.'s combined impairments meet or equal a listing, Dr. Durham testified that the ALJ should "give some consideration" as to whether J.M.'s impairments medically equal Listing § 111.03 and that "[§] 111.03 has to be . . . considered." (R. 53.) Dr. Durham's testimony that Listing § 111.03 should be "considered" does not conflict with the ALJ's ultimate finding that J.M.'s impairments do not medically equal the impairment described in the Listing. Nor does this testimony evince any medical opinion at all by Dr.

Durham on the issue. Thus, there is no ambiguity in the record.[1] Sensibly, there is no obligation for the ALJ to explicitly resolve non-ambiguities.

Finally, to the extent that Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's finding that J.M.'s impairments did not medically equal Listing § 111.03, that objection is overruled as well. As reproduced by the Magistrate Judge in pages 7-14 of her thorough Recommendation, there is substantial evidence in the record indicating that J.M.'s impairments do not medically equal Listing § 111.03. *See Bloodsworth*, 703 F.2d at 1239 ("Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."). The evidence in the record more than adequately supports the conclusion that J.M.'s impairments do not medically equal Listing § 111.03.

Accordingly, it is ORDERED that Plaintiff's Objection (Doc. # 21) is OVERRULED; the Recommendation of the Magistrate Judge (Doc. # 20) is ADOPTED; and the Commissioner's decision is AFFIRMED. A separate final judgment will be forthcoming.

DONE this 8th day of December, 2011.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that Plaintiff argues that the ALJ should have questioned Dr. Durham further to resolve that ambiguity, that objection is also overruled. It is not the ALJ's obligation to prove the disability. That responsibility falls on the plaintiff. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (stating that an individual claiming Social Security disability benefits bears the burden to show that he is disabled). Here, Plaintiff's counsel was offered and declined an opportunity to examine Dr. Durham. Plaintiff's counsel may have used this opportunity to elicit an opinion from Dr. Durham on medical equivalency, but did not do so.